IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re: | Pending in: |
| ESTATE OF JANET G. ROSOL and RAYMOND R. ROSOL, | THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF IOWA EASTERN DIVISION |
| Plaintiffs | |
| | No. 99-2089 EJM |
| v. | |
| R.J. REYNOLDS TOBACCO COMPANY, | |
| Defendant | |

### AFFIDAVIT OF KEVIN KRONER IN SUPPORT OF MOTION TO QUASH OF TOBACCO CONTROL RESOURCE CENTER, INC. ("TCRC")

Kevin Kroner, being duly sworn, hereby deposes and says:

1. My name is Kevin Kroner and I am the Executive Director of Tobacco Control Resource Center ("TCRC").

2. TCRC is a Massachusetts charitable corporation, which is dedicated to using law to combat the epidemic of tobacco-caused disease and death. TCRC undertakes a number of different activities. One of its projects, known as the Tobacco Products Liability Project ("TPLP"), is the focus of the subpoena that is the subject of the motion to quash.

3. TPLP, which was founded by Richard A. Daynard, a professor of law at Northeastern University School of Law (where TCRC and TPLP are sited), operates very much like a tobacco victim's legal defense fund. Among its activities is submitting *amicus* briefs in appellate cases, and providing various resources to plaintiffs' attorneys

suing the tobacco industry. In addition, Professor Daynard has appeared as counsel on a number of such cases.

4. Professor Daynard is the President of TCRC and the Chairman of TPLP.

5. The documents requested in the subpoena all pertain to the 20th Conference of TPLP, which was held in Boston on September 19-21, 2003. Item 1 asks for a list of the attendees. Item 2 asks for a copy of all documents provided to the attendees. Item 3 requests all documents "provided by, related to, referencing, or signed by" three well-known experts who have testified on behalf of plaintiffs in tobacco litigation, each of whom appeared and spoke at the conference.

6. TPLP conferences typically include a forum in which the members of a separate organization, the Tobacco Trial Lawyers Association ("TTLA") can meet. At the 20th Conference, TTLA held a meeting which occurred during the period of the conference. They also were a recognized co-sponsor of the event.

7. To my personal knowledge, Ralph Walker, Esq., who represents the plaintiff in the current case, is a member of TTLA, and attended the 20th Conference.

8. TPLP conferences, including the 20th Conference, are not public meetings. They are open only to plaintiffs' counsel, expert witnesses, and (under some circumstances) law students. All attendees are required to sign an affidavit indicating they have no affiliation with any tobacco company.

9. We limit our attendance precisely so that the attendees can discuss, in confidence, strategies to use in fighting large tobacco companies. The 20th Conference was entitled "Learning from Wins and Losses," and it is absolutely critical to TPLP, TCRC, and the members of TTLA that they can hold unfettered conversations, secure in

2

the knowledge that the discussions and documents will not fall into the hands of any tobacco company.

10. In my judgment and experience, enforcement of the current subpoena would severely undercut the ability of TPLP and the anti-tobacco movement to carry on its work.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 11th DAY OF DECEMBER, 2003.

_____
Kevin Kroner

340900

3