UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MBD NO. 03-10408-RGS

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
NO. 99-2089-EJM

ESTATE OF JANET G. ROSOL and RAYMOND R. ROSOL

v.

R.J. REYNOLDS TOBACCO COMPANY

MEMORANDUM AND ORDER ON THE MOTION OF
TOBACCO CONTROL RESEARCH CENTER, INC., TO
QUASH SUBPOENA DUCES TECUM

January 29, 2004

STEARNS, D.J.

The motion is ALLOWED in part and DENIED in part. The court is baffled by the claim of work product privilege. While the privilege covers the contributions of those, including non-attorneys, who are engaged by an attorney to prepare for litigation or to give advice to a client, it is difficult to conceive how the tent could be pitched over the proceedings of a public conference holding itself out as "a venue for the anti-tobacco community to gather." In re Grand Judy Subpoena, 274 F.3d 563, 574 (1st Cir. 2001). Cf. Cavallaro v. United States, 284 F. 3d 236, 247 (1st Cir. 2003). That plaintiff's attorney happened to be in the audience adds nothing to the merits of the claim. Moreover, the privilege log required by Fed. R. Civ. P. 45(d)(2) has not been produced by the respondent, and thus, even if there were some plausible basis on which the privilege could be claimed, it has been waived. See In re Grand Judy Subpoena, 274 F.3d at 575-576.

A party will have access, generally as a matter of right, to material that shows bias on the part of a witness.  United States v. Abel, 469 U.S. 45, 52 (1984).  It is true that the exploration of potential bias may not be a pressing concern in this case, as the witnesses have made no secret of their unfavorable opinions of the tobacco industry.  Nonetheless, the geographical contours of any such bias are within the discoverable realm of relevancy.  On the other hand, I do not understand the need of defendant for a list of all conference attendees (unless to show a breach of the claim of privilege which I have already rejected).  Nor has defendant shown anything other than a piscatory interest in the production of "all documents, materials, or presentations provided to the attendees."  Consequently, I will limit production to documents and materials provided by or given to the witnesses in connection with their conference presentations and to the presentations themselves (if not previously produced).

SO ORDERED.

/s/ Richard G. Stearns

UNITED STATES DISTRICT JUDGE